**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4543**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

WILLIAM LEON LASSITER, JR., a/k/a C.C.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcom J. Howard, Senior District Judge. (5:12-cr-00267-H-3)

Submitted: June 10, 2014              Decided: July 21, 2014

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Rhonda G. Young, FITTS & YOUNG, LLP, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Leon Lassiter, Jr., pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012), and was sentenced to seventy-eight months in prison. Although Lassiter's plea agreement contained an appellate waiver that has been invoked by the Government, Lassiter seeks to challenge the reasonableness of his sentence, contending that the appellate waiver is unenforceable because the Government breached the plea agreement. We dismiss Lassiter's appeal.

This court "will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver[.]" United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). Because Lassiter did not raise this issue in the district court, however, the issue is reviewed for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). To prevail under this standard, Lassiter must show not only that the Government plainly breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (internal quotation

2

marks and brackets omitted); see United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

After reviewing the record, we conclude that the Government did not breach the plea agreement. Because Lassiter does not challenge the knowing and voluntary nature of his appellate waiver, and since we are satisfied that the waiver is enforceable, we conclude that the waiver bars consideration of the sentencing issues Lassiter seeks to raise.

We therefore dismiss Lassiter's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED